IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERMAN WILKINS :<br>    Plaintiff, :<br>     :<br>v. :<br>     :<br>     :<br>BOZZUTO & ASSOCIATES, INC., t/d/b/a :<br>THE BOZZUTO GROUP :<br>    Defendants. :<br>     : | CIVIL ACTION NO. 12-3346 |

MEMORANDUM OPINION

Rufe, J.                                                                                                                       February 28, 2013

Plaintiff has brought suit against his former employer alleging interference with his contract of employment in violation of 42 U.S.C. § 1981. Defendant Bozzuto & Associates, Inc.[1] has moved to dismiss the complaint.

**I.    BACKGROUND**

This is the second suit Plaintiff has brought concerning the termination of his employment. On May 8, 2009, Plaintiff filed an action in the Court of Common Pleas of Philadelphia County, pleading one count of wrongful termination and one count of racial discrimination. Defendant removed the case to this Court, and Plaintiff filed an amended complaint alleging claims pursuant to Title VII of the Civil Rights Act of 1964[2] and 42 U.S.C. § 1981. Defendant filed a motion to dismiss. The Court granted the motion and dismissed the

---

[1] Defendant states that the proper name of Plaintiff's employer is Bozzuto Management Company, not Bozzuto & Associates, Inc. Nonetheless, it submits the Motion on behalf of the named Defendant, and does not argue the improper naming as a basis for dismissal.

[2] 42 U.S.C. § 2000e-2, *et seq.*

amended complaint without prejudice on December 10, 2009.³ Plaintiff filed the current case on June 13, 2012, alleging only a claim pursuant to § 1981.⁴

Plaintiff, an African-American man, alleges the following facts, which are assumed to be true for purposes of the motion to dismiss. Plaintiff worked for Defendant from July 2007 until June 13, 2008, as a Maintenance Technician at the Riverview Landing apartment complex. On April 3, 2008, Bob Antucci, a Caucasian man, replaced Plaintiff's supervisor, Michael Berryman, an African-American man. Plaintiff alleges that while Mr. Antucci was his supervisor, he did not receive any complaints from residents regarding his work. On June 13, 2008, Plaintiff was terminated, and was replaced by a Caucasian man. Upon his termination, Property Manager Tracy Ungareeta told Plaintiff it "just was not working out." Plaintiff also alleges that he was told he was fired for missing a meeting, even though 1) he was not required to attend the meeting, 2) he in fact did attend, and 3) he advised Defendant's representatives that he had attended. Plaintiff alleges that his dismissal was a pretext for discrimination and that Defendant had planned to terminate his employment before the meeting even occurred.

## II. LEGAL STANDARD

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.⁵ In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the

---

³ Wilkins v. Bozzuto & Assocs., Inc., No. 09-2581, 2009 WL 47566381, * 2 (E.D. Pa. Dec. 10, 2009).

⁴ The statute of limitations for claims brought under § 1981 is four years, so the claim apparently is timely. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004) (interpreting 28 U.S.C. § 1658).

⁵ Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

2

complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[6] Courts are not bound to accept as true legal conclusions couched as factual allegations.[7] Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[8] The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[9] The court has no duty to "conjure up unpleaded facts that might turn a frivolous claim . . . into a substantial one."[10]

### III. DISCUSSION

Section 1981 provides equal rights for all to "make and enforce contracts" and to enjoy "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."[11] In the employment context, § 1981 claims are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green.[12] In order to state a *prima facie* case, Plaintiff must allege that "(1) [he] is a member of a protected class, (2) [he] satisfactorily performed the duties required by [his] position, (3) [he] suffered an adverse employment action, and (4) either similarly-situated non-members of the protected class were

---

[6] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994); Fay v. Muhlenberg Coll., No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[7] Twombly, 550 U.S. at 555, 564.

[8] Id. at 570.

[9] Id. at 562.

[10] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42–43 (6th Cir.1988)).

[11] 42 U.S.C. § 1981(a) (1991).

[12] 411 U.S. 792 (1973). See Pamintuan v. Nanticoke Mem. Hosp., 192 F.3d 378, 385 (3d Cir. 1999).

3

treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination."[13]  The Court of Appeals has held that "the bar for establishing a *prima facie* case of employment discrimination is low."[14]  In the context of a motion to dismiss, the question is not whether Plaintiff will be able to prove the elements, but only whether he has "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[15]  There is no dispute that Plaintiff has alleged the first three elements of the *prima facie* case; the question is whether Plaintiff has raised an inference that discrimination was the reason for his termination.

In dismissing the earlier action, the Court held that Plaintiff had not stated a claim and had simply stated "in conclusory fashion, that his firing was related to his race, based upon the race of his supervisor, his lack of knowledge of complaints filed regarding his work within the relevant time period, and the unverified race of the employee who was subsequently hired to replace him."[16]  Plaintiff has added two additional allegations that were not in the earlier action: that he was terminated for the spurious reason of missing a meeting, which Defendant was told he had attended, and that he was replaced by a Caucasian man named "Mike" (in the earlier action, Plaintiff had alleged only his belief that he was replaced by someone who was not African-American).  The Court concludes that these additional allegations are sufficient to give rise to a "reasonable inference that [Defendant] intended to discriminate against [Plaintiff] on the

---

[13] Wallace v. Federated Dept. Stores, Inc., 214 F. App'x 142, 144-45 (3d Cir. 2007) (citations omitted).

[14] Id. at 145 (citation omitted).

[15] Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir.2009) ("vastly different" standards apply to motions to dismiss versus motions for summary judgment).

[16] Wilkins v. Bozzuto & Assocs., Inc., No. 09-2581, 2009 WL 47566381, * 2 (E.D. Pa. Dec. 10, 2009).

4

basis of race."[17] Although Plaintiff has not alleged that the new supervisor had any race-based antagonism toward Plaintiff, Plaintiff alleges that the reason given for his termination was false, and that he was replaced by a Caucasian individual, which is enough to permit the case to proceed to discovery.[18]

IV. **CONCLUSION**

Because the Court cannot conclude as a matter of law that Plaintiff will be unable to establish his claim, the motion to dismiss will be denied. An order will be entered.

---

[17] Gross v. R.T. Reynolds, Inc., 487 F. App'x 711, 718 (3d Cir. 2012) (footnote omitted).

[18] See Eubanks v. Sunoco Logistics Partners, LP, No. 12-1741, 2012 WL 3866961 (E.D. Pa. Sept. 6, 2012) (denying a motion to dismiss).